**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

DENNIS DUBUC and CAROL DUBUC,

       Plaintiffs,

v.                                    Case No. 08-13727

GREEN OAK TOWNSHIP, et al.,

       Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS' "MOTION**
**FOR RECONSIDERATION" AND GRANTING DEFENDANTS'**
**"MOTION FOR EXTENSION OF TIME"**

Pending before the court is a "Motion for Reconsideration," filed by Defendants Green Oak Township, Mark St. Charles, Michael Kruszewski, Kim Hunt, and Michael Rosati on December 31, 2008. Also before the court is Defendants' "Motion for Extension of Time," filed on January 5, 2009. Having reviewed the briefs in the case, the court concludes a hearing on the motions is unnecessary. *See* E.D. Mich. LR 7.1(e), (g). For the reasons stated below, the court will deny Defendants' motion for reconsideration and grant Defendants' motion for extension of time.

**I. BACKGROUND**

On August 28, 2008, Plaintiffs filed the instant lawsuit against Defendants Green Oak Township ("Township"); Mark St. Charles, in both his individual and his official capacity as Township Supervisor; Michael Kruszewski, in both his individual and his official capacity as Building Zone Administrator; and Kim Hunt, in her individual capacity, pursuant to 42 U.S.C. § 1983. In their complaint, Plaintiffs allege that Defendants have

violated their constitutional rights to procedural due process under the Fourteenth Amendment to the United States Constitution by, among other things, not allowing them to continue a non-conforming legal use of Plaintiffs' property.  Since Plaintiffs filed their lawsuit, they allege that Defendant Kruszewski and Defendants' attorney, Michael Rosati, have retaliated against Plaintiffs for filing suit in violation of the First Amendment and have violated Plaintiffs' due process and substantive due process rights under the Fourteenth Amendment by denying certain building permits to Plaintiffs.  (Pls.' Am. Compl. ¶¶ 47-57.)   Plaintiffs also allege that Defendant Kruszewski has told them or their contractors that Defendant Township will not issue them any more permits, and that Mr. Rosati, not Defendant Township, will make any further decisions regarding their permits.  (Pls.' Am. Compl. ¶ 50.)  Plaintiffs asked this court for leave to amend their complaint to add their claims against Defendant Kruszewski and Mr. Rosati.

On December 15, 2008, this court granted Plaintiffs' motion to file an amended complaint to add their claims because Federal Rule of Civil Procedure 15 requires that the court "freely give leave to amend as justice so requires," Fed. R. Civ. P. 15(a)(2), and none of the factors that ordinarily counsel against granting leave to amend were present in this case, *see General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).  Defendants now seek reconsideration of this order because they allege that the court failed to consider that Plaintiffs cannot state a claim for retaliation under § 1983 and because Plaintiffs' misleading statements obscured the court's ability to determine whether Plaintiffs stated a claim for retaliation.

2

## II.  STANDARD

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## III.  DISCUSSION

### A.  Defendants' Motion for Reconsideration

Defendants argue that because (1) the court failed to address the specific legal elements of a retaliation claim in its December 15, 2008 order, and (2) Plaintiffs made intentionally incorrect statements in their pleadings, palpable defects misled the court and the parties, the correction of which would result in a different disposition of the court's December 15, 2008 order, which granted Plaintiffs' motion to amend.  (Defs.' Mot. at 1.)  Particularly, Defendants argue that Plaintiffs' amended claim is "futile" because Plaintiffs cannot satisfy the specific requirements of a 42 U.S.C. § 1983 First

Amendment retaliation claim, which requires, among other things, (1) a state actor's (2) adverse action against Plaintiffs.[1]

On a motion for reconsideration, the court will not entertain reargument of issues already presented to it.  E.D. Mich. LR 7.1(g)(3); *Czajkowski*, 967 F. Supp. at 952.  To the extent Defendants argue the futility of Plaintiffs' retaliation claim, the court found in its December 15, 2008 order that Plaintiffs' claims were not futile.  (12/15/08 Order at 5-6.)  A motion for reconsideration is not the proper place to relitigate issues.  However, even if the court were to consider the two arguments which Defendants have not previously raised regarding why the court should have denied Plaintiffs' October 13, 2008 motion to amend, the court would still find that Defendants have not shown a palpable defect, the correction of which would result in a different disposition of the case.

A court may deny a motion to amend under Federal Rule of Civil Procedure 15(a) for several reasons, including the "futility" of a proposed amended complaint to state a claim so as to withstand a Rule 12(b)(6) challenge.  *See General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (citing *Hageman v. Signal L.P. Gas, Inc.*,

---

[1] Defendants also argue that Plaintiffs sought to amend their initial complaint out of bad faith and a desire to disqualify Defendant Rosati from serving as defense counsel in the case.  (Defs.' Mot. at 2.)  However, the court addressed this issue in its December 15, 2008 order.  (12/15/08 Order at 6.)  Defendants merely present the same contention again in the instant motion, and the court will therefore deny Defendants' motion with respect to this issue.  *See* E.D. Mich. LR 7.1(g)(3); *Czajkowski*, 967 F. Supp. at 952.

4

486 F.2d 479, 484 (6th Cir. 1973)).  A First Amendment retaliation claim[2] requires that a

party show:

> (1) the plaintiff engaged in a constitutionally protected activity; (2) an
> adverse action was taken against the plaintiff that would deter a person of
> ordinary firmness from continuing to engage in that conduct; and (3) there
> is a causal connection between elements one and two-that is, the adverse
> action was motivated at least in part by the plaintiff's protected conduct.

*Sowards v. Loudon County, Tenn.*, 203 F.3d 426, 431 (6th Cir. 2000) (quoting

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).  As with ordinary § 1983

claims, a claim for retaliation must also be directed at someone "under color of any

statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, to satisfy the "under

color of state law" requirement.[3]  *McCurdy v. Montgomery County, Ohio*, 240 F.3d 512,

520 (6th Cir. 2001).  Defendants make two primary arguments regarding the futility of

Plaintiffs' claim to state a claim.

First, Defendants contend that Plaintiffs cannot prove that Defendants

Kruszewski or Rosati acted under color of state law such that their conduct towards

Plaintiffs is actionable.  (Defs.' Mot. at 4 n.1.)   Defendants also contend that Plaintiffs

presented false inferences that decision-making authority could be delegated to and

exercised by Defendants Kruszewski and Rosati regarding Plaintiffs' permit applications

---

[2] Plaintiffs' amended complaint also alleges that Defendants Kruszewski and
Rosati violated the Plaintiffs' Fourteenth Amendment procedural and substantive due
process rights (Pls.' Am. Compl. ¶¶ 47-57); however, Defendants do not challenge the
addition of these claims in their motion for reconsideration.

[3] The Supreme Court has made clear that in a §1983 action, "the statutory
requirement of action 'under color of state law' and the 'state action' requirement of the
Fourteenth Amendment are identical."  *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922,
929 (1982).

such that they were acting under color of state law and that, in fact, neither Defendants
Kruszewski or Rosati had any such authority.  (Defs.' Mot. at 4 n.1-2.)

An inquiry into whether the "under color of state law" requirement is met,
necessarily constitutes a "fact-bound inquiry," *Brentwood v. Tennessee Secondary Sch.*
*Athletic Ass'n*, 531 U.S. 288, 298 (2001), which varies from case to case, *Lugar v.*
*Edmondson Oil, Co., In*c., 457 U.S. 922, 939 (1982).  However, private citizens can be
held liable for acting "under color of state law" in certain circumstances.  *Rendell-Baker*
*v. Kohn*, 457 U.S. 830, 838 n.6 (1982); *Lugar*, 457 U.S. at 939.  The ultimate question is
whether the individual's action is "properly attributable" to the state.  *Rendell-Baker*, 457
U.S. at 838 n.6; *see also Brentwood*, 531 U.S. at 295.  The Supreme Court has
promulgated several theories of attribution, including: (1) joint action, *Dennis v. Sparks*,
449 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials in the
challenged action, are acting . . . 'under color' of law for purposes of § 1983 actions.");
(2) public function, *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974) ("We have,
of course, found state action present in the exercise by a private entity of powers
traditionally exclusively reserved to the State."); (3) symbiotic relationship, *Rendell-*
*Baker*, 457 U.S. at 842 (acknowledging the possibility of a "symbiotic relationship"
between a private entity and the state giving rise to § 1983 liability for the private entity)
(citing *Burton v. Wilmington Parking Auth.*, 365 U.S. 715 (1961)); and (4) pervasively
entwined, *Brentwood*, 531 U.S. at 296 (recognizing that state action is possible if an
activity is "entwined with government policies").

6

Defendants argue that they never possessed the authority to take the actions Plaintiffs allege.  Case law, however, is "unequivocal in showing that the character of a legal entity is determined neither by its expressly private characterization in statutory law, nor by the failure of the law to acknowledge the entity's inseparability from recognized government officials or agencies."  *Brentwood*, 531 U.S. at 296. Furthermore, an implicit delegation of authority can create § 1983 liability.  *See Alerding v. Ohio High Sch. Athletic Ass'n*, 779 F.2d 315, 316 n.1 (6th Cir. 1985).  Finally, while in some cases attorneys, like Defendant Rosati, are not subject to a § 1983 action simply because they are officers of the court, *e.g., Edmondson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 641-43 (1991), private attorneys have been found liable when they act under color of state law by exercising prosecutorial authority without having been sworn in as a prosecutor, *see Cooper v. Parrish*, 203 F.3d 937, 950 (6th Cir. 2000).  Because Defendants could have acted "under color of state law," Defendants have not shown a "palpable defect," the correction of which would "result in a different disposition of the case," E.D. Mich. LR 7.1(g)(3).  Therefore, the court will deny Defendants' motion with respect to their state action argument.[4]

---

[4] As the court noted in the order for which Defendants seek reconsideration, "should actual vexatiousness or similar bad faith . . . be later provably revealed, a corresponding motion for sanctions may well be appropriate."  (12/15/08 Order at 6 n.1.) The court takes the allegations regarding Defendants Kruszewski and Rosati as serious.  Furthermore, the allegations are made by an attorney who asserts that he is experienced in such matters, and whose client, the court is informed, is also an attorney.  Actors such as these must know precisely what they are alleging and are held to know equally well the expense to which they may be put, individually or jointly, in the event that baselessness or vexatiousness in litigation is proven.

Second, Defendants maintain that Plaintiffs cannot prove that Defendants engaged in any adverse action, i.e., denied building permits, against Plaintiffs and that Plaintiffs misled the court regarding whether the permits were actually denied.  (Defs.' Mot. at 5.)  Defendants attach documents to their motion regarding two permits for which Plaintiffs applied and were granted.  (Defs.' Mot. Ex. 1-2.)

Defendants further argue that even though the "futility" standard incorporates a Rule 12(b)(6) analysis, the court can consider documents outside the pleadings when they are central to the plaintiffs' claims.  (Defs.' Mot. at 3.)  A Rule 12(b)(6) analysis generally forbids a court from considering documents outside the pleadings. *Gunasekera v. Irwin*, — F.3d —, 2009 WL 37471, *8 n.4 (6th Cir. Jan. 8, 2009). Defendants, however, cite to *Greenberg v. Life Insurance Co. of Virginia*, 177 F.3d 507 (6th Cir. 1999), which states, when "a document is referred to in the complaint and is central to the plaintiff's claim . . . , the defendant may submit an authentic copy to the court to be considered on a motion to dismiss."  *Id.* at 514 (quoting 11 James Wm. Moore et al., Moore's Federal Practice § 56.30[4] (3d ed. 1998)) (internal quotation marks omitted).  *Greenberg* involved a dispute over the payment of a life insurance policy.  *Id.*  Other cases in which a court permitted outside documents under this rule included a denial of benefits claim under a pension plan, *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997), and a claim for breach of contract and fiduciary duty under a trust agreement, *Nixon v. Wilmington Trust Co.*, 543 F.3d 354, 357 n.2 (6th Cir. 2008). The court, however, does not view the attached assortment of permit applications, inspection documents, permit documents, and public records ("Permitting Documents") to be analogous to an insurance policy or a contract.  Courts have allowed

8

consideration of the latter type of documents because of their assured authority and obvious completeness.  Furthermore, Defendants' attachments, while likely necessary, are not sufficient to adjudicate the parties' dispute, and therefore do not satisfy the centrality requirement needed for the court to consider the attachments.

Even if the court were to consider these documents, they are in no way dispositive on this matter.  They apparently constitute the documentation for a plumbing permit and an electrical permit (Defs.' Mot. Ex. 1-2), both also apparently alleged by Plaintiffs to have been in the group of permits issued before the alleged retaliation began (Pls.' Am. Compl. ¶ 49).  The timing of the permits does not support Defendants' contention regarding the lack of adverse action.  In addition, Plaintiffs allege that other permits, which Defendants do not mention, were also never granted.  (Pls.' Am. Compl. ¶ 49).  Defendants have not shown a "palpable defect," the correction of which would "result in a different disposition of the case," E.D. Mich. LR 7.1(g)(3), and the court will therefore deny Defendants' motion regarding this issue.

### B.  Defendants' Motion For Extension of Time

Defendants filed a motion for extension of time to answer Plaintiffs' first amended complaint while their motion for reconsideration was pending before this court.  Because the court will deny Defendants' motion for reconsideration, Defendants must file an answer to Plaintiffs' amended complaint.  Plaintiffs do not oppose Defendants' motion. The court will therefore order Defendants to file an answer within fourteen days of the date of this order.

9

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendants' "Motion for

Reconsideration" [Dkt. # 23] is DENIED.

IT IS FURTHER ORDERED that Defendants' "Motion for Extension of Time"

[Dkt. # 24] is GRANTED, and they shall file their answer to Plaintiffs' first amended

complaint within **fourteen days** of the date of this order.


                                    s/Robert H. Cleland
                                    ROBERT H. CLELAND
                                    UNITED STATES DISTRICT JUDGE

Dated:  January 28, 2009


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, January 28, 2009, by electronic and/or ordinary mail.


                                    s/Lisa G. Wagner
                                    Case Manager and Deputy Clerk
                                    (313) 234-5522