# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DENNIS DUBUC and
CAROL DUBUC,

       Plaintiffs,

                                    Case No. 08-13727

v.

GREEN OAK TOWNSHIP, et al.,

       Defendants.

_____/

## OPINION AND ORDER (1) DENYING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS AND ATTORNEYS FEES; (2) DENYING DEFENDANTS' MOTION FOR APPEAL BOND; AND (3) ORDERING PLAINTIFFS AND PLAINTIFFS' COUNSEL TO SHOW CAUSE AS TO WHY THEY SHOULD NOT BE SANCTIONED PURSUANT TO 28 U.S.C. § 1927 AND THE INHERENT POWER OF THE COURT

Pending before the court are Defendants' motions for sanctions and attorneys fees pursuant to Federal Rule of Civil Procedure 11 and for appeal bond pursuant to Federal Rule of Appellate Procedure 7. For the reasons stated below, the court will deny both motions. The court will, however, order Plaintiffs and Plaintiffs' counsel to show cause why they should not be sanctioned under 28 U.S.C. § 1927 and the inherent power of the court.

## I. BACKGROUND

On August 28, 2008, Plaintiffs filed this lawsuit alleging that Defendants violated their constitutional right to procedural due process under the Fourteenth Amendment by not allowing them to continue a nonconforming, legal use of Plaintiffs' property. While the case was in progress, Plaintiffs amended their complaint to add a retaliation claim under 42 U.S.C. § 1983 against Defendant Kruszewski and Michael Rosati, the attorney for Defendant township, claiming that Kruszewski and Rosati

retaliated against Plaintiffs for filing this lawsuit by denying certain building permits to Plaintiffs. The parties eventually stipulated to a dismissal of the claim against Rosati with prejudice but without costs. On June 26, 2009, the court dismissed Plaintiffs' amended complaint for failing to state a claim.

## II. RULE 11 SANCTIONS

A motion for Rule 11 sanctions may be filed with the court only after it has been served on the party and the party has had twenty-one days to withdraw the offending filing. Fed. R. Civ. P. 11(c)(2). The Sixth Circuit has held that a Rule 11 motion for sanctions cannot be filed if the court disposes of the case or the offending filing before the expiration of the safe-harbor period. "If the court disposes of the offending contention before the twenty-one day 'safe harbor' period expires, a motion for sanctions cannot be filed with or presented to the court." *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997).

> Similarly, even if a motion for Rule 11 sanctions is served before the disposition of the claim, the motion will be rejected if the court disposes of the offending contention before twenty-one days have passed since the time the papers invoking the sanction provision were served, because the party has not been afforded the full twenty-one days to withdraw the challenged document.

5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1337.2 (3d ed. 2004). Here, Defendants served Plaintiffs no earlier than June 8, 2009, (Defs.' Mot. for Sanction Mot. Br. Ex. A.). The court dismissed Plaintiffs' amended complaint on June 26, 2009, or eighteen days later, acting perhaps too expeditiously from Defendants' perspective. Plaintiffs were not afforded Rule 11's twenty-one day safe-harbor, and the motion for Rule 11-based sanctions must be denied.

## III. Section 1988 Sanctions

Defendants also argue that they should be awarded attorneys fees under 42 U.S.C. § 1988.

> While district courts customarily award attorney's fees to prevailing plaintiffs in § 1983 actions, *see* 42 U.S.C. § 1988, they may award them to defendants in such actions only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

*Lowery v. Jefferson County Bd. of Educ.,* 586 F.3d 427, 437 (6th Cir. 2009). Further, "[be]cause '[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction,' it 'must be limited to truly egregious cases of misconduct.' *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir.1986)." *Id.*

Defendants argue that they are entitled to § 1988 attorneys fees because Plaintiffs' denial of procedural due process claim was frivolous, unreasonable, or without foundation. The court is not persuaded, however, that Plaintiffs' procedural due process was so obviously unfounded as to require an award of attorneys fees. Plaintiffs' procedural due process claim was that they were denied a vested property interest without a hearing. The Building Zone Administrator sent Plaintiffs a letter containing a determination that Plaintiffs could no longer continue the allegedly legal nonconforming use of their property. The letter was sent –and the determination allegedly made– before any hearing, and Plaintiffs argued that this violated their right to procedural due process. The court held that Plaintiffs had a vested property interest, but that Plaintiffs had been afforded an opportunity to be heard. The court reasoned that Plaintiffs enjoyed such opportunity because they could have immediately appealed the Administrator's determination to the Zoning Board of Appeals. If Plaintiffs had so acted, enforcement of the Administrator's determination would have halted and a hearing

would have been guaranteed. In other words, Plaintiffs could have had a hearing before deprivation of their property rights had they chosen to avail themselves of the opportunity. The essence of Plaintiffs' argument was that they had a right to a hearing before any move toward a deprivation of their property rights. That is, that procedural due process required a hearing before the Administrator's determination, and the appeals process is no more than a question of exhaustion of remedies which, according to Plaintiffs, is not required in a denial of procedural due process claim. Although it was ultimately rejected, this argument does not strike the court as being obviously "frivolous, unreasonable, or without foundation." The court will deny Defendants' request for attorneys fees based on Plaintiffs' procedural due process claim.

Defendants also maintain that they should be awarded attorneys fees based on Plaintiffs' retaliation claim. Plaintiffs asserted that Green Oak Township, one of the Defendants, began denying Plaintiffs' permit applications in retaliation of Plaintiffs' lawsuit against the Township. In support of their claim, Plaintiffs submitted the affidavits of two contractors attesting that Township personnel told the contractors that no more permits could be issued to Plaintiffs because of the lawsuit. The court rejected Plaintiffs' claim because it was not ripe: the Township had not actually rejected any of Plaintiffs' completed permit applications, doing no more than indicating that applications would be rejected later. In its order granting Defendants' motion to dismiss, the court held that ripeness requires a final, government determination in land disputes. Defendants complain that Plaintiffs did not even bother to address the ripeness issue in their response to Defendants' motion to dismiss. The ripeness inquiry depends on a balancing test of three factors, foremost among which is "the likelihood that the harm

alleged by the plaintiffs will ever come to pass," *Adult Video Ass'n v. United States Dep't of Justice,* 71 F.3d 563, 568 (6th Cir. 1995); *see also Kentucky Press Ass'n, Inc. v. Kentucky,* 454 F.3d 505, 509 (6th Cir. 2009), which the court eventually found lacking among the assembled facts.

The thrust of Plaintiffs' argument in defense to the motion for sanctions is that, like Blanche DuBois,[1] they depended upon others (i.e., the court). The court decided the futility question in Plaintiffs' favor; by implication, Plaintiffs argue, the absence of futility when allowing leave to amend a complaint answers the question of ripeness at a Rule 56[2] stage. This argument conflated and avoided the questions before the court.

It is true that leave to amend a complaint is granted where the added claim is not futile, and that futility is judged based on whether the claim could survive a motion to dismiss. Because the court held that the retaliation claim was not futile and granted leave to amend, the court considered the claim to have passed 12(b)(6) muster. Plaintiffs argue that, in light of the court's decision finding no *futility* and allowing the claim, their decision to forgo arguing *ripeness* in their brief was no more than a poor strategic decision buttressed by an inadequate understanding of the law rather than an egregious instance of misconduct.

The court held that the proposed amended complaint, as stated, would not be futile because the complaint must be construed in a light most favorable to the plaintiff,

---

[1] "I have always depended on the kindness of strangers." Tennessee Williams, *A Streetcar Named Desire.*

[2] Although Defendants' motion was for dismissal under Rule 12(b)(6) or, in the alternative, for judgment under Rule 56, the court determined that Plaintiffs' retaliation claim failed based on Rule 56 rather than Rule 12(b)(6) because it considered Plaintiff Dennis Dubuc's deposition testimony.

with all factual allegations taken as true. *Evans-Marshall v. Board of Educ.,* 428 F.3d

223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir.

2002). Plaintiffs stated, as facts supporting their legal assertions, that

> Prior to Plaintiffs' initial Complaint being filed, Defendant Green Oak
> Township and Defendant Kruszewski issued all requested permits for
> renovations. However, after receipt of this lawsuit, Defendant Green Oak
> Township *refused to process any further permit requests* submitted by the
> Plaintiffs and *Defendant Rosati was delegated the authority to control the
> application process.* Defendant Kruszewski stated that no further
> applications for the subject property would be processed pursuant to the
> instructions of Defendant Rosati. *Defendant Rosati's legal advice was
> unconstitutional* and it violated Plaintiffs' federally secured rights.

Am. Compl. ¶ 50 (emphasis added). Plaintiffs referred also to "*Defendant Rosati's*

*decision* to deny all building permits following the filing date of this lawsuit . . . ." Id. ¶ 52

(emphasis added).

But, in defending against Defendants' motion to dismiss or for summary

judgment, Plaintiffs pointed to no fact supporting their allegation that defendant

Township had "refused to process any further permit requests." And they did not meet

their burden of showing an issue of material fact concerning the allegation that Rosati

"was delegated . . . authority to control the application process." They cited no facts

supporting the notion that completed permit applications had been submitted and were

denied. They cited no facts supporting a finding that an actual injury had ripened as

had been alleged in the complaint, and on that basis judgment was granted to

Defendants. Nevertheless, the court is not prepared to find that Plaintiffs' mishandling

of its response to the summary judgment motion was an egregious case of misconduct.

Plaintiff Dennis Dubuc did testify that no completed permits had been submitted, but

Plaintiff choose to rebut this factual argument with a procedural one based on the

court's previous ruling on futility. This strategy, however, does not amount to admission that there was no issue of material fact concerning whether the retaliation claim was ripe. Plaintiffs choose to rely on procedure rather than to search the record for facts supporting the ripeness of their retaliation claim—the procedural argument was rejected and the court was left to decide summary judgment based on the facts cited by Defendants, namely, Plaintiff Dennis Dubuc's testimony. The court need not and does not scour the record to find issues of material fact that the parties have failed to point out; instead, it relies on the sharpened issues as presented by the parties. Accordingly, the most the court can say is that Plaintiffs gambled and lost on an "easy-to-make" procedural argument; while ill advised, this does not strike the court as sinking to level of egregious misconduct.

## IV. SANCTIONS UNDER 28 U.S.C. § 1927 AND PURSUANT TO THE INHERENT POWERS OF THE COURT

Although sanctions are not appropriate under Rule 11 or § 1988, Plaintiffs' pursuit of Rosati, in the midst of his representation of Defendants, is troublesome. The claim against Rosati appears to reduce to a spurious allegation that an attorney should be liable for the legal advice provided to the client. The claim forced Defendants to change defense counsel thus causing them to incur additional legal expenses. Because the claim was quickly dismissed, it has the appearance of pure strategic gambit. The court warned Plaintiffs that if the claim against Rosati were shown to be frivolous, it could be the basis for sanctions. "[S]hould actual vexatiousness or similar bad faith . . . be later provably revealed, a corresponding motion for sanctions may well be appropriate." (12/15/2008 Order Granting Plaintiffs Leave to Amend Compl. 6 n.1.)

Nevertheless, the claim against Rosati cannot form the basis of sanctions under Rule 11, because of Defendants' failure to comply with the safe-harbor provision (a "failure" abetted or even caused by the court's rapid decision track). Nor is § 1988 a solid basis for awarding sanctions. Although some circuits have held that a stipulated dismissal with prejudice can confer prevailing party status, *see, e.g.*, *Claiborne v. Wisdom*, 414 F.3d 715 (7th Cir. 2005), it seems doubtful that a stipulated dismissal could do so where it is expressly without costs.

Under 28 U.S.C. § 1927, an attorney may be sanctioned if there is "a showing of something less than subjective bad faith, but something more than negligence or incompetence. Thus, an attorney's behavior is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Followell v. Mills*, 317 F. App'x 501, 511 (6th Cir. 2009). The court may also impose sanctions pursuant to its inherent powers if it makes a finding that a litigant's conduct was in bad faith or tantamount to bad faith. *See First Bank of Marietta v. Hartford Underwriters*, 307 F.3d 501 (6th Cir. 2002). As explained above, there appears to have been no factual basis for the claim against Rosati.

It is not insignificant that Rosati was not a Township employee or officer, but only a private practice attorney engaged to represent the Township. A private person, who is not ordinarily liable under § 1983, may become a state actor for purposes of § 1983 if his conduct is "fairly attributable" to the state, *see Memphis, Tenn. Area Local v. City of Memphis,* 361 F.3d 898, 905 (6th Cir. 2004) (setting forth tests for determining whether a private person's conduct is fairly attributable to the state: public function, state compulsion, and nexus), or if there is cooperation or concerted activity between the

state and private actors.  *Id.*; *see also Hooks v. Hooks,* 771 F.2d 935, 943-44 (6th Cir. 1985) (stating test for proving a civil conspiracy).  A looming question to the court is whether Plaintiffs were possessed of any information establishing that Rosati's conduct was fairly attributable to the Township, i.e., Rosati acting as the Township, as opposed to acting merely as the Township's attorney and in that capacity providing advice.  The court is aware of no other civil case in which a defendant's attorney was made a party defendant on the basis of things the attorney allegedly said to the client during the course of the litigation.  Perhaps Plaintiffs will more fully inform the court in the course of developing their response.  The manner and timing in which the claim was asserted and in which it was voluntarily dismissed suggests that it was brought to serve as a strategic gambit aimed at ridding Plaintiffs of the incumbent opposing counsel rather than in good faith.  The lengthy history of litigation against the Township initiated by Plaintiff DuBuc may not be insignificant in this regard as well.

The claim may provide the basis for sanctions pursuant to § 1927 or the court's inherent powers, and the court will order Plaintiffs and Plaintiffs' counsel to show cause why each should not be sanctioned for bringing the claim against Rosati.

## V. COST BOND ON APPEAL

Finally, in a separate motion, Defendants requests an appeal bond to cover anticipated attorneys fees incurred during the appeal.  Federal Rule of Appellate Procedure 7 states, "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  In deciding whether to include attorneys fees as part of an appeal bond, a court must determine whether attorneys fees are defined as "costs" in the

underlying statute.  *In re Cardizem CD Antitrust Litigation*, 391 F.3d 812, 817 (6th Cir. 2004).  Here, the underlying statute is § 1988.  As stated above, a successful defendant can request that a district court roll attorneys fees into an appeal bond only if the plaintiff's action is found to be "frivolous, unreasonable, or without foundation."  Because the court has rejected Defendants' claim for § 1988 attorneys fees, there are no attorneys fees to include in Rule 7's costs.  Under Rule 39(a), the Sixth Circuit may tax costs other than attorneys fees (e.g., the fee for filing the notice of appeal, the cost of preparation and transmission of the record, etc.) against the non-prevailing party.  There is nothing on the record indicating that Plaintiffs are unable to afford these minimal costs.  *See Schied v. Davis*, 2008 WL 3852264, at *2 (E.D. Mich. Aug. 18, 2008).  The court will therefore deny Defendants' motion for appeal bond.

## VI.  CONCLUSION

IT IS ORDERED that "Defendants, Green Oak Township, Mark St. Charles, Michael Kruszewski and Kim Hunt's Motion for [Federal Rule of Civil Procedure] 11 Sanctions and Attorneys Fees" [Dkt. # 75] is DENIED.

IT IS FURTHER ORDERED that "Defendants, Green Oak Township, Mark St. Charles, Michael Kruszewski and Kim Hunt's Motion to Require Cost Bond on Appeal Pursuant to Fed. R. App. Proc. 7" [Dkt. # 78] is DENIED.

Plaintiffs and Plaintiffs' counsel ARE ORDERED TO SHOW CAUSE not later than **April 7, 2010**, why sanctions should not be imposed pursuant to 28 U.S.C. § 1927 and the inherent powers of the court for asserting the retaliation claim against Rosati.

Such sanctions could be compensatory in nature, and Defendants may file a response

to Plaintiffs' and Plaintiffs' counsel filing not later than **April 14, 2010.**


                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated:  March 11, 2010


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, March 11, 2010, by electronic and/or ordinary mail.

                                                s/Lisa G. Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522