**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DENNIS DUBUC and CAROL DUBUC,

    Plaintiffs,

v.                                                                              Case No. 08-13727

GREEN OAK TOWNSHIP, ET AL.,

    Defendants.
                                                /

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STAY ORDER IMPOSING SANCTIONS**

Plaintiffs have moved the court to grant a stay pending appeal of its "Opinion and Order Imposing Sanctions Upon Plaintiffs and Plaintiffs' Counsel Pursuant to 28 U.S.C. § 1927 and the Inherent Power of the Court," whereby the court imposed sanctions on Plaintiffs in the amount of $15,000. Plaintiffs ask the court to grant the stay without bond.

Federal Rule of Civil Procedure 62(d) provides:

Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Rule 62(d) gives an appellant a right to a stay pending appeal, provided the appellant posts a "satisfactory supersedeas bond." *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). That is, in cases where appellant posts a bond, the district court does not have discretion to deny the stay. The rationale is that the appellant is insured by the stay against inability to recover should he prevail on appeal, and in exchange the

appellee receives the bond as security so that the appellant may not otherwise dispose of funds that could satisfy the judgment. *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998).

Notwithstanding the "mandatory language" of Rule 62(d), courts have construed the bond requirement to be discretionary. *Id.* at 353. While in general the supersedeas bond is for an amount that would satisfy the full judgment, inclusive of costs, interest, and damages for delay, it is within the district court's discretion to reduce the amount of the bond, substitute an alternate form of security for the bond, or dispose of the bond requirement entirely. *Id.*; *Hopfinger v. Kidder Int'l, Inc.*, 827 F. Supp. 1444, 1452-53 (W.D. Mo. 1993); *see Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 758-59 (D.C. Cir. 1980). However, "[b]ecause of Rule 62(d)'s dual protective role, a full supersedeas bond should almost always be required." *Hamlin*, 181 F.R.D. at 351. Courts have found it appropriate to dispose of the bond requirement only in "extraordinary circumstances," *id.* at 353; *see Hopfinger*, 827 F. Supp. at 1453, such as where it could be eliminated because it was clear that the appellant would be able to satisfy the judgment, *Arban*, 345 F.3d at 409 ("In light of the vast disparity between the amount of the judgment in this case and the annual revenue of the group of which West is a part, the district court's decision to grant a stay without a bond was not an abuse of discretion."); *see Hamlin*, 181 F.R.D. at 353.

Plaintiffs cite a case that observes that the requirement of a bond for the full amount "can in some circumstances be irrational, unnecessary, and self-defeating, amounting to a confiscation of the judgment debtor's property without due process," *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154 (2d Cir. 1986), *rev'd on other*

2

*grounds*, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987). *Texaco* is obviously a unique case, as the $13 billion bond at issue there, which when enforced would have had severe financial and business implications for the company, dwarfs the $15,000 sanction at issue in this case. *See Pennzoil*, 481 U.S. at 4-5.

Plaintiffs also argue that the court should grant a discretionary stay outside of the strictures of Rule 62(d), contending that the four factors to be considered in the balancing test of whether to grant a discretionary stay pending appeal—substantial possibility of success of the merits, irreparable harm, injury to the opposing party, and public interest—favor issuing a stay without requiring a bond. *See Morgan Guar. Trust Co. of New York v. Republic of Palau*, 702 F. Supp. 60, 65-66 (S.D.N.Y. 1988); *see also Federal Prescription*, 636 F.2d at 759 ("[T]he Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion.").

The court, however, finds that this balancing test is uninformative in answering the question of whether a bond should be required where the Rules provide for a stay as of right, and declines Plaintiffs' invitation to issue a discretionary stay without bond. The better analysis looks to whether there are "extraordinary circumstances" that justify deviating from the bond requirement. Plaintiffs have failed to demonstrate any extraordinary circumstance that would warrant such a deviation. Accordingly,

IT IS ORDERED that "Plaintiffs' Motion to Stay Order Imposing Sanctions" [Dkt. # 94] is GRANTED IN PART and DENIED IN PART. IT IS GRANTED in that the court will issue a stay upon approval of the supersedeas bond for the full judgment of $15,000,

plus interest and costs. IT IS DENIED in that the court will not waive the bond requirement.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: October 1, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 1, 2010, by electronic and/or ordinary mail.

          s/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522