**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DENNIS DUBUC and CAROL DUBUC,

    Plaintiffs,

v.                                                    Case No. 08-13727

GREEN OAK TOWNSHIP, ET AL.,

    Defendants.
                                             /

**ORDER DENYING MOTION FOR RECONSIDERATION**

Plaintiffs' counsel of record, Edward J. Christensen, has moved the court to reconsider its August 16, 2010 "Opinion and Order Imposing Sanctions Upon Plaintiffs and Plaintiffs' Counsel Pursuant to 28 U.S.C. § 1927 and the Inherent Power of the Court." As Mr. Christensen recognizes, to prevail on his motion, he "must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). This is a high burden to meet.

    Christensen's motion contends

    The court has been misled to believe that Edward Christensen was but the initial attorney in the case or that he provided any counsel, representation, or advice that would suggest maintaining the claim against Rosati. Specifically, the existing court records show that Mr. Christensen withdrew from any participation in the case prior to any evidence of sanctionable bad faith by Plaintiff Dubuc.

(Mot. ¶ 1.) He further argues, *inter alia*, that as of the second status conference, he had "effectively withdrawn," (*id.* ¶ 2), that the court's finding that the amended complaint could survive a Rule 12(b)(6) challenge "negates any suggestion of 'Bad Faith'," (*id.* ¶

4), and that Christensen should not be held responsible for Plaintiff's misrepresentations, (*id.* ¶¶ 5-6).

The record fails to support Christensen's claim that he was "but the initial attorney in the case." Christensen was, in fact, the sole attorney of record for Plaintiffs until Eugene Goretta entered his appearance on March 10, 2009. Before that date, Plaintiffs had filed

1. a complaint,
2. a motion for leave to file an amended complaint,
3. a reply to the response to that motion,
4. an amended complaint,
5. a preliminary witness list,
6. a response to Defendants' motion to extend time, and
7. an amended preliminary witness list.

Christensen's signature appears at the bottom of each of those documents. Christensen's assertion that he was "but the initial attorney in the case," as if such a position were merely preliminary or honorary and implied no real responsibilities, simply cannot be believed. His suggestion is, in fact, inconsistent with an attorney's responsibility of candor.

The record clearly contradicts Christensen's assertion that he did not "provide any counsel, representation, or advice that would suggest maintaining the claim against Rosati." The amended complaint is the document that added Mr. Rosati as a defendant, and Christensen signed it; indeed, his is the only signature of record on that document. Accordingly, his claim that he did not "provide any counsel, representation, or advice" that might expose him to sanctions with respect to suing Rosati, s*ee* Fed. R. Civ. P. 11, is flatly contradicted by documents in the record.

In denying the present motion, the court need not rehash all of the reasons given

in the August 16 order for imposing sanctions. It is enough to note that the conduct sanctioned in that order was that regarding the initiation of and persistence in a suit against Rosati, and that Plaintiffs and Christensen were repeatedly warned that sanctions were possible if it became apparent to the court, as it later did, that such claims were baseless or pursued in bad faith. (*See* Aug. 16, 2010 Order 16-17; Jan. 28, 2009 Order 7 n.4; Dec. 15, 2008 Order 6-7 n.1.)[1] In the August 16, 2010 order, the court found, and was particularly concerned, that the purpose of pursuing a claim against Rosati was to force him to withdraw as counsel, and Rosati was in fact forced to withdraw as counsel on February 17, 2009. (Aug. 16, 2010 Order 13, 17.) It is noteworthy that Christensen was the only attorney of record at that time and at the time of the December 15, 2008 and January 28, 2009 orders.

The motion fails to reveal any defect, let alone a palpable defect. Accordingly,

IT IS ORDERED that Edward Christensen's "Motion for Reconsideration . . ." [Dkt. # 92] is DENIED.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

---

[1] Indeed, the court clearly recalls the conference conducted in chambers, in the conference room off the courtroom, at 10:00 a.m. on November 20, 2008, in which the court *specifically* asked Christensen if he was sure he knew the implications of what he was asking for in moving to amend and add the attorney on the other side of the table as a defendant; the court asked also whether he had ever prosecuted an equivalent civil rights case in the past. Christensen assured the court that he was experienced, and that he knew very well what he was doing and its potential implications. The court's pointed inquiry and counsel's response were, in fact, the principal impetus for the court's equally pointed warning in footnote 1 of the order permitting the addition of Rosati as a defendant. (Dec. 15, 2008 Order 6-7 n.1.)

Dated: October 1, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 1, 2010, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522